UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATACHA GUERRA, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

LINEBARGER GOGGAN BLAIR & SAMPSON,
LLP, a Texas limited liability partnership, and
HARVEY RUVIN, in his capacity as Clerk of the
Courts of Miami-Dade County, Florida,          **JURY DEMAND**

      Defendants.

_____/

## CLASS ACTION COMPLAINT

1.    Plaintiff NATACHA GUERRA alleges that Defendants LINEBARGER

GOGGAN BLAIR & SAMPSON, LLP ("Linebarger") and HARVEY RUVIN, in his capacity as

the Clerk of the Courts of Miami-Dade County, Florida (Ruvin), have unjustly collected millions

of dollars from persons in Florida in the form of unearned "*collection fees*."  Defendant

Linebarger is a private company that was engaged by Miami-Dade County to collect on unpaid

civil penalties, fines, and court cost orders.  The collection fees are automatically imposed by

robo-calculation immediately upon assignment to Defendant Linebarger and prior to any actual

legal services or collection activity.  These payments were made directly at the Miami-Dade

County Clerk's office and were not collected by Defendant Linebarger.  In fact, it is Defendant

Ruvin that collects from class members who rush to the Clerk of the Courts for Miami-Dade

County to pay their traffic tickets and civil penalties under threat of suspension of their driver

licenses.  The premature addition of "*collection fees*" for the benefit of Defendants violates

Federal law, Florida State Constitution, Florida State law, and the contract between Defendant Linebarger and Miami-Dade County.

2.      Fla. Stat. § 28.246(6) authorizes a collection fee not exceeding 40 percent of the amount owed on any unpaid fee, service charges, fines, court costs, and liens and directs the clerk to refer these debts to a private attorney or collection agent.  However, the plain meaning of "*collection fee*" indicates an amount paid in consideration of the efforts taken to collect a sum owed, an interpretation also supported by Defendant Linebarger's contract with Miami-Dade County.[1]  Plaintiff contends that the fee collected by Defendants was unearned and unlawful given the lack of any collecting activity on the part of Defendant Linebarger, and as a consequence, Defendants were unjustly enriched by retaining the unearned benefit not collected in accord with the statute.  Furthermore, the collection and retention of the unearned fees violates the Eighth and Fourteenth Amendments to the Constitution, the Florida State Constitution, the Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Sta. §501.204(1), and Fla. Stat. §57.051(1).  Accordingly, on behalf of the putative class, Plaintiff seeks to recover all monies unlawfully collected by Defendants, actual damages, injunctive relief, declaratory relief, attorney fees and interest.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant 28 U.S.C. § 1331 due to federal questions raised in the Complaint.  This Court also has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) and (6), because (i) at least one member of the putative class is a citizen of a state different from Defendants, (ii) the amount in controversy exceeds

---

[1] "The words '*Collection Fee*' to mean the compensation to the Pool member for **collection services** provided to the Clerk in accordance with Florida Statute 28.246." *Exhibit A*, Art. 1(d) (emphasis added).

$5,000,000, exclusive of costs and interest, and (iii) none of the exceptions under that section apply to this action.  Moreover, this Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over the Defendant Linebarger because Defendant conducts business in this District by contracting directly with the Miami-Dade County Clerk of the Courts, and by collecting money from alleged debtors in this District.

5.     This Court has personal jurisdiction over the Defendant Ruvin because Defendant is the Clerk of the Courts of Miami-Dade County situated in this District, and carries on the alleged unlawful collection activity in his capacity as the Miami-Dade County Clerk of the Courts.

6.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here, and under 18 U.S.C. § 1965(a) because Defendants transact their affairs here.

## PARTIES

7.     Plaintiff NATACHA GUERRA is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

8.     Defendant LINEBARGER GOGGAN BLAIR & SAMPSON, LLP ("Linebarger") is a Texas limited liability partnership and debt collector that operates from offices located at 2700 Via Fortuna Drive, Suite 400, Austin, TX 78746.  All members of Linebarger are not citizens of Florida and are believed to be citizens of Texas.

9.     Defendant HARVEY RUVIN ("Ruvin") is the duly elected Clerk of the Courts for Miami-Dade County, Florida, pursuant to art. V, § 16 of the Florida Constitution and is a County

officer pursuant to art. VIII, § 1(d) of the Florida Constitution. This action is brought against

Harvey Ruvin in his official capacity only and not in his personal capacity.

**STATUTORY AND CONSTITUIONAL BACKGROUND**

10.     Fla. Stat. § 28.246 sets forth the rules and procedures for how a Florida clerk of

court is to handle payment of court-related fines, fees, charges, costs, and other monetary

penalties.  Fla. Stat. § 28.246 (2015).

11.     When a court-related fine, fee, charge, cost, or other monetary penalty remains

unpaid after 90 days, Fla. Stat. § 28.246(6) directs the clerk of court to refer the account to a

private attorney or collection agent, who will then pursue payment of the debt. § 28.246(6).

12.     The fee that is paid to such a private attorney or collection agent (the "*collection

fee*"), "including any reasonable attorney's fee, paid to any attorney or collection agent retained

by the clerk may be added to the balance owed in an amount not to exceed 40 percent of the

amount owed at the time the account is referred to the attorney or agent for collection." §

28.246(6).

13.     Article V, Section 16 of the Florida Constitution, provides in its entirety as

follows:

> Clerks of the circuit courts. There shall be in each county a clerk of
> the circuit court who shall be selected pursuant to the provisions of
> Article VIII section 1. Notwithstanding any other provision of the
> constitution, the duties of the clerk of the circuit court may be
> divided by special or general law between two officers, one
> serving as clerk of court and one serving as ex officio clerk of the
> board of county commissioners, auditor, recorder, and custodian of
> all county funds. There may be a clerk of the county court if
> authorized by general or special law.

14.     In the performance of their duties as the record keepers for the courts, the Clerks

are ministerial officers devoid of any discretion. *Corbin v. State ex rel. Slaughter*, 324 So. 2d 204

(Fla. 1 DCA 1975).

4

15.     Article VIII, Section 1(d) of the Florida Constitution, provides in its entirety as follows:

> COUNTY OFFICERS. There shall be elected by the electors of each county, for terms of four years, a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court; except, when provided by county charter or special law approved by vote of the electors of the county, any county officer may be chosen in another manner therein specified, or any county office may be abolished when all the duties of the office prescribed by general law are transferred to another office. When not otherwise provided by county charter or special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds.

Thus, the Clerks serve in a "unique dual capacity." *Times Publishing Co. v. Ake*, 645 So.2d 1003, 1004 (Fla. 2 DCA 1994).

## FACTUAL ALLEGATIONS AS TO DEFENDANTS LINEBARGER AND  RUVIN

16.     Defendant Linebarger is a debt collector that collects debts, in part for government entities.

17.     Defendant Ruvin is the duly elected Clerk of the Courts for Miami-Dade County. The Clerks are constitutional officers deriving their authority and responsibility from both constitutional and statutory provisions. *Alachua County v. Powers*, 351 So.2d 32, 35 (Fla. 1977); *Security Finance Co. v. Gentry*, 91 Fla. 1015, 109 So. 2d 220 (1926).

18.     In 2011, Linebarger executed a contract with Miami-Dade County, Florida, as authorized by Fla. Stat. § 28.246(6), pursuant to which Linebarger provides debt collection services to the county.  A copy of Linebarger's contract with Miami-Dade County is attached hereto as *Exhibit A*.

19.     Under the aforementioned contract, and pursuant to Fla. Stat. § 28.246(6), Linebarger is tasked with collecting unpaid "fines, charges and costs assessed" in connection with parking violations, traffic violations, misdemeanors, and criminal cases.  *See Exhibit A.*

20.     As compensation for its services, per its contract, Linebarger is entitled to add an attorney fee or "*collection fee*" to the debts it collects, fixed at 40% of the debt.  *See Exhibit A*, Art. 7-8.

21.     Per its contract, Linebarger is permitted to add this amount of the underlying debt. *See Exhibit A*, Art. 7-8.

22.     Where Linebarger collects a debt directly, it "may retain the additional 40% Collection Fee placed on top of the debt owed to the Clerk."  *Exhibit A*, Art. 7-8.

23.     However, per the contract, "where a Client makes a payment to a referring Clerk Division at its local office, **in response to collection efforts taken by the Contractor**, the payment shall be subject to the 40% Collection Fee.  The Clerk will remit the 40% Collection Fee to the Contractor when the Clerk accepts payment by a Client."[2]  *See Exhibit A*, Art. 9 (emphasis added).

24.     Defendant Ruvin, as the Clerk of the Courts in Miami-Dade County, did from on or about July 1, 2004, charge and collect and continues to charge and collect a "*Collection Fee*" amounting to 40% of the sum owed from persons filing a paying of a fine one day late, ostensibly under the authority of Fla. Stat. § 28.246(6).

---

[2] The Contract defines the word "Client" to mean an individual or entity that owes Miami-Dade County Clerk of the Courts monies that are past due, and "Contractor" to mean Defendant Linebarger. *Exhibit A*, Art 1.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF GUERRA

25.     On November 3, 2015, Plaintiff Guerra was issued a traffic citation for speeding. This was Miami-Dade County traffic citation number A1QOF6P.

26.     On December 21, 2015, Plaintiff Guerra contested the aforementioned citation at trial in Miami-Dade County Court.  The Court withheld adjudication of guilt, and ordered her to pay a total civil penalty of $392.00 by January 20, 2016.

27.     Plaintiff Guerra did not timely pay this sum, and on January 20, 2016, a late fee of $16.00 was automatically added to this sum, raising the total penalty to $408.00.   This late fee is a separate penalty added to the fine and is in addition to the collection fee that is the subject matter of this complaint.

28.     On April 19, 2016, three months after the payment date, the unpaid civil penalty was eventually assigned to Defendant Linebarger.  Defendant Ruvin, in its capacity of Miami-Dade County Clerk of the Courts, automatically inflated Plaintiff's civil penalty by 40% on the same day of assignment and before any legal services were performed or any collection activity was required, raising the total obligation to $571.20.

29.     On the same day, before Defendant Linebarger performed any legal or collections work, Plaintiff Guerra paid the full $571.20 at the Miami-Dade County Clerk of the Courts office.

30.     Of this, Defendant Ruvin, in his capacity of Miami-Dade County Clerk of the Courts, kept $408.00, remitted part of $163.20 (the additional 40% "*collection fee*") to Defendant Linebarger, and upon information and belief, Defendant Ruvin kept the remaining part of the collection fee not remitted to Defendant Linebarger for use of the Clerk's office.

31.    While an appropriate fee for necessary collection efforts may be statutorily authorized and may pass constitutional muster, the automatic imposition of the 40% collection fee does not.  The relative injustice of the automatic imposition of a massive 40% unlawful, unearned collection fee is evident.  For comparison, Florida law defines as *usurious* the payment of interest exceeding 18 percent per annum, and interest exceeding 25 percent per annum is *criminal usury*.[3]

32.    Plaintiff was offered no reasonable opportunity to dispute or to cure before the imposition of the unearned 40% collection fee or penalty.  The "*collection fee*" is added without any message or opportunity for the debtor to dispute the imposition of the fee.  None of the communications sent to Plaintiff explained that she had the right to dispute the imposition of the 40% collection fee, let alone the method, manner or time that she could dispute the imposition of the fee or the reasonableness of the attorney fee or collection fee.

33.    Per Defendant Linebarger's contract with Miami-Dade County, where a person "makes a payment to a referring Clerk Division at its local office, **in response to collection efforts taken by the Contractor**, the payment shall be subject to the 40% Collection Fee." *Exhibit A*, Art. 9 (emphasis added).

34.    Plaintiff Guerra's payment was not made "in response to collection efforts" taken by Defendant Linebarger, as required by the contract between Linebarger and Miami-Dade County; instead, Defendants had not performed *any* collection efforts by the time of Plaintiff Guerra's payment which was made directly at the Miami-Dade County Clerk Office.

35.    Upon information and belief, the Clerk of the Courts in Miami-Dade holds back a part of the 40% fee and puts it into a fund for use of the Clerk's office.

---

[3] *See* Fla. Stat. §§ 687.02(1), 687.071(2).

36.    As a general proposition of Florida law, public officers, such as the Defendant Ruvin, have no legal claim to compensation for official services rendered except when, and to the extent, that the right to compensation is provided by law.

37.    When there is no provision made for such compensation, then the rendition of services by public officers is deemed to be gratuitous.

38.    The right to fees that may be collected by public officers in exchange for services rendered depends on statute and fee statutes are to be strictly construed.

39.    Pursuant to Fla. Stat. §57.051(1), "No fee shall be charged for any official service performed or claimed to be performed by any officer unless the fee is specifically authorized and its amount is specified by law."

40.    The legislatively authorized fees and charges that may be charged and collected by the Defendant Ruvin are set forth in Chapter 28 of Florida Statutes.

41.    Plaintiff, for herself and on behalf of all persons similarly situated, is entitled to and does seek a declaration and judgment by this Court, pursuant to Fla. Stat. §86.021, that "*Collection Fees*" charged and collected by Defendant Ruvin in connection with late payments where there has been no actual collection activity and where said fees are paid to the Clerk, are unlawful and unauthorized; that Defendants have been unjustly enriched thereby; and Defendants must, under the supervision of this Court, refund and disgorge such fees and any penalties or damages for unlawful exaction into a common fund.

42.    Plaintiff and all persons similarly situated also are entitled to and seek an injunction to restrain permanently Defendant Ruvin from seeking to charge or collect such filing fees where there has been no actual collection activity.

## CLASS ALLEGATIONS

43.     Upon information and belief, Defendant Linebarger does not actively seek to collect any debts owed to the Miami-Dade County Clerk of the Courts.

44.     In virtually all cases, when the Miami-Dade County Clerk of the Courts, Defendant Ruvin, refers an account to Defendant Linebarger, Defendants' policy is to do nothing, and simply wait for the debtor to pay Defendant Ruvin directly, sometimes years later, in order to reinstate his or her license or avoid other court-imposed consequences.

45.     This action is brought on behalf of a class defined as follows:

**Class**

(i) all persons (ii) who owed money to the Miami-Dade County Clerk of Court (iii) in connection with a parking, traffic, criminal, or civil penalty (iv) where such obligation was referred to Linebarger Goggan Blair & Sampson, LLP for collection (v) and was inflated by 40% by the Miami-Dade County Clerk of Court (vi) and where said person paid this obligation directly to the Miami-Dade County Clerk of Court (vii) when Linebarger Goggan Blair & Sampson, LLP had performed no collections work on the account (viii) during the four year period prior to the filing of the complaint in this action through the date of certification.

46.     Plaintiff reserves the right to modify or amend the definition of the class and to propose subclasses as appropriate before the Court determines whether certification is appropriate.

47.     Excluded from the Class are the Defendants, their parents, subsidiaries, affiliates, officers and directors, any entity in which the Defendants have a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation as well as their immediate family members.

48.     Plaintiff alleges on information and belief that the class is so numerous that joinder of all members of the class is impractical.  There are more than 3 million residents of Miami-

Dade County and millions more visitors each year.  According to recent studies conducted in the State of Florida, hundreds of thousands of tickets are paid late and subject to these fees and penalties.

49.    There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members.  The common factual and/or legal issues common to each class member are as follows:

a.  Whether a debt owed to the Miami-Dade County Clerk of the Courts may be automatically inflated before any collecting service is performed when it is referred to Defendant Linebarger for collection.

b.  Whether Defendants may retain the 40% collection fee that has been added to the obligation owed to the Miami-Dade County Clerk of the Courts when a debtor pays the Clerk directly and no collecting activity has been performed.

c.  Whether Defendant Linebarger is entitled to be paid in cases where accounts are referred to it for collection, but no legal services or collection work has been performed.

d.  Whether the automatic imposition of a 40% collection fee and collection of same violates a citizen's rights under the United States Constitution and Section 1983.

e.  Whether Defendant's act constitutes unfair practice of commerce under Fla. Stat. § 501.204.

f.  Whether Defendant Ruvin's collection of the additional fee and retention of part of it when no collection activity has been performed violated Florida Law in discordance with the role of public officer of the Clerk of the Courts;

11

    g.  Whether the "*Collection Fees*" are unauthorized and unlawful and whether Defendant Ruvin is obligated to refund the filing fees collected by the Clerk.

    h.  Whether Plaintiff and the Class Members are entitled to the restitution of the "*Collection Fee*" unlawfully charged.

50.    Plaintiff's claim is typical of those of the class members.  All claims are based on the same facts and legal theories.

51.    Plaintiff will fairly and adequately protect the interests of the class.  She has retained counsel experienced in handling class actions and who have been appointed to represent certified classes in this District and by courts throughout the nation.  Putative class counsel has also litigated civil rights actions and actions involving unlawful anti-consumer practices through trial.  Neither Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue this action or which would create any conflicts with the class.

52.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole. Injunctive relief is appropriate and necessary to cause the illegal surcharges to stop.

53.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a.  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54.    In the alternative, a class action as to particular issues is appropriate here.

## COUNT I
### Unjust Enrichment

55.    Plaintiff incorporates paragraphs 1 through 54 above as if fully restated herein.

56.    Members of the putative class conferred a benefit on Defendants, to wit: payment of an unlawful and unearned 40% fee.

57.    Defendants had knowledge of the benefit, in that the Defendants themselves collected the unlawful and unearned collection fee.

58.    Defendants accepted and retained the benefit conferred, i.e., the unlawful and unearned collection fee.

59.    The circumstances are such that it would be inequitable for the Defendants to retain the benefit of the unlawful surcharge without paying fair value for it.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants LINEBARGER GOGGAN BLAIR & SAMPSON, LLP. and HARVEY RUVIN, for:

(a)  An order certifying this case to proceed as a class action;

(b)  Injunctive relief to stop the Defendants' conduct leading to Defendants'' unjust enrichment;

(c)  An order directing Defendants to disgorge its ill-gotten monies to the putative class;

(d)  Reasonable attorney's fees and costs; and

(e)  Such further relief as this Court may deem appropriate.

## COUNT II
### Money Had and Received

60.    Plaintiff incorporates paragraphs 1 through 54 above as if fully restated herein.

61.     Defendants have received money from the members of the putative class.

62.     Defendants received money under the label of "*collection fee*" for "collection efforts" that Defendant Linebarger has not even attempted to perform, as instead required under the contract with Miami-Dade County, authorized by Fla. Stat. § 28.246(6).

63.     Defendants had appreciated the benefit, in that the Defendants themselves received and retained the unlawful *collection fee*.

64.     The circumstances are such that Defendants should, in all fairness, be required to return the money to the putative class members, as Defendants did not perform any collection activity and hence the collection fee was unearned.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants LINEBARGER GOGGAN BLAIR & SAMPSON, LLP and HARVEY RUVIN, for:

(a) An order certifying this case to proceed as a class action;

(b) Injunctive relief to stop the Defendants' conduct leading to Defendants' unjust enrichment;

(c) An order directing Defendants to disgorge its ill-gotten monies to the putative class;

(d) Reasonable attorney's fees and costs; and

(e) Such further relief as this Court may deem appropriate.

**COUNT III**
**42 U.S.C. § 1983**
**Violation of the Eighth Amendment of the United States Constitution and Violation of Article I, Section 17 of the Florida State Constitution**

65.     Plaintiff incorporates paragraphs 1 through 54 above as if fully restated herein.

14

66.    Pursuant to statute, the Defendants are operating under the authority of Miami-Dade County when they collect 40% collection fee or penalty.  Defendants retain such monies.

67.    The enforcement of the civil penalty assessments discussed above constitutes a violation of the United States' Constitution's Eighth Amendment's and Florida Constitution's protection against excessive fines.  Plaintiff and members of the Class were assessed enormous fines and penalties that bear no relationship to the harm caused and are therefore unconstitutional.

68.    The automatic imposition, collection, and retention of a 40% collection fee prior to any collection activity or service is done to maximize Defendant Linebarger's profits and to increase the special fund established by Defendant Ruvin.

69.    As a direct and legal result of the acts and omissions of Defendants, acting under the authority of Miami-Dade County, Plaintiff and members of the Class have suffered damages, and/or are entitled declaratory, injunctive relief and to restitution, in an amount to be proven at trial.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants LINEBARGER GOGGAN BLAIR & SAMPSON, LLP and HARVEY RUVIN, for:

        (a) An order certifying this case to proceed as a class action;

        (b) Injunctive relief to stop the Defendants' unlawful policies, procedures, practices and/or customs described above.

        (c) Restitution of the collection fees unlawfully collected and retained to the putative class;

        (d) Recovery of actual damages;

(e)  Pursuant to 42 U.S.C. § 1988, Plaintiff further seeks costs and attorneys'

fees incurred as a result of this lawsuit.

**COUNT IV**
**42 U.S.C. § 1983**
**Violation of the Procedural Due Process of the United States Constitution and Article I,**
**Section 9 of the Florida Constitution**

70.    Plaintiff incorporates paragraphs 1 through 54 above as if fully restated herein.

71.    Pursuant to statute, the Defendants are operating under the authority of Miami-

Dade County when they collect 40% collection fee or penalty.  Defendants retain such monies.

72.    The enforcement of the civil penalty assessments discussed above violates the Due

Process Clause of the United States' Constitution and Section 9 of the Florida Constitution for

the following reasons, among others:

(a) The automatic robo-imposition of fees and penalties for debt collection on
Plaintiff and Class Members who do not know and could not reasonably know
that they that Defendants are required to conduct collection services before
they can impose the fee;

(b) The automatic robo-imposition of fees and penalties for debt collection on
Plaintiff and class members who do not know and could not reasonably know
of any method to dispute the imposition of the fee;

(c) Defendants do not provide adequate notice before the fees and penalties are
assessed;

(d) There is no adequate opportunity to be heard on the amount of collection fee;
and

(e) The penalties and fees are so excessive that class members do not have fair
notice that they will be imposed.

73.    The deprivations of the rights of Plaintiff and members of the Class as described

above were a proximate result of the policies, procedures, practices, and/or customs maintained

by the Defendants.  As a direct and legal result of the acts and omissions of the Defendants,

16

Plaintiff and members of the Class have suffered damages, and/or are entitled to restitution, in an amount to be proven at trial.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants LINEBARGER GOGGAN BLAIR & SAMPSON, LLP and HARVEY RUVIN, for:

(a) An order certifying this case to proceed as a class action;

(b) Injunctive relief to stop the Defendants' unlawful policies, procedures, practices and/or customs described above.

(c) Restitution of the collection fees unlawfully collected and retained to the putative class;

(d) Recovery of actual damages;

(e) Pursuant to 42 U.S.C. § 1988, Plaintiff further seeks costs and attorneys' fees incurred as a result of this lawsuit.

**COUNT V**
**42 U.S.C. § 1983**
**Violation of Substantive Due Process**

74.     Plaintiff incorporates Paragraphs 1 through 54 above as if fully restated herein.

75.     Under state law, Plaintiff and the class members are entitled to be free from unreasonable fees and civil penalties.  The Florida statute that created the rights that permitted Miami-Dade to assign the debts for collection required that there actually be attorney or collection services in order to collect the challenged fee.  Furthermore, the Florida State Constitution specifically requires Miami Dade County fines to be reasonable and "suitable."

76.     Defendant Ruvin is acting under color of state law and with authority delegated by the state have acted unreasonably, arbitrarily and irrationally in collecting and retaining a portion

of this unearned and unlawful 40% *collection fee* which is unrelated to its actual collection activity or lack thereof. Defendant Linebarger is acting under color of state law and with authority delegated by the state has acted unreasonably, arbitrarily and irrationally in collecting and retaining a portion of this unearned and unlawful 40% *collection fee* which is unrelated to its actual collection activity or lack thereof.

77.     The Defendants are acting under color of state law and with authority delegated by the state have acted unreasonably, arbitrarily and irrationally in seeking excessive penalties.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants LINEBARGER GOGGAN BLAIR & SAMPSON, LLP and HARVEY RUVIN, for:

> (a) An order certifying this case to proceed as a class action;
>
> (b) Injunctive relief to stop the Defendants' unlawful policies, procedures, practices and/or customs described above.
>
> (c) Restitution of the collection fees unlawfully collected and retained to the putative class;
>
> (d) Recovery of actual damages;
>
> (e) Pursuant to 42 U.S.C. § 1988, Plaintiff further seeks costs and attorneys' fees incurred as a result of this lawsuit.

**COUNT VI**
**Violation of Fla Stat. § 501.204**
**Florida Deceptive and Unfair Trade Practices Act**

78.     Plaintiff incorporates paragraphs 1 through 54 above as if fully restated herein.

79.     FDUTPA makes unlawful any "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204.

80.     Defendants' conduct amounts to unfair practice of commerce since it violates a contract in order to profit from consumers who cannot reasonably avoid the inflated fees.

81.     FDUTPA defines consumer broadly as "an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however denominated; or any other group or combination." Fla. Stat. § 501.203.

82.     Plaintiff is, and was at any relevant time, a consumer within the meaning of FDUTPA.

WHEREFORE, pursuant to Fla. Stat. § 501.211 Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants LINEBARGER GOGGAN BLAIR & SAMPSON, LLP and HARVEY RUVIN, for:

(a) An order certifying this case to proceed as a class action;

(b) A declaratory judgment that Defendants' act or practice violates the Florida Deceptive and Unfair Trade Practices Act and to enjoin Defendants from perpetuating the unlawful act or practice;

(c) Recovery of actual damages, plus attorney's fees and court costs as provided in Fla. Stat. § 501.2105.

## COUNT VII
### Declaratory Relief

83.     Plaintiff incorporates paragraphs 1 through 54 above as if fully restated herein.

84.     This is an action for declaratory relief pursuant to Fla. Stat. § 86.021, and other applicable provisions of Chapter 86.

85.     Plaintiff alleges that Defendant Ruvin demanded, charged and collected, or presently demand, charge and collected, unauthorized and unlawful *collection fee* on Plaintiff and all members of Plaintiff Class, in that Fla. Stat. § 28.246(6) does not authorize imposition of a collection fee where no collection activity has occurred.

86.     Plaintiff alleges that Plaintiff and members of the Plaintiff class should not have paid and should not have been required to pay to Defendant Ruvin such unlawful and unauthorized fees, and that they and all members of the Plaintiff class are entitled to the refund of all such filing fees so paid.

87.     Defendant Ruvin believes and asserts that such fees are lawful and authorized by Fla. Stat. § 28.246(6), and his conduct in demanding, charging, collecting and refusing to refund such fees demonstrates that belief.

88.     Because the parties disagree as to whether such fees are authorized and lawful and as to whether Defendant Ruvin is obligated to refund the filing fees collected by the Clerk, Plaintiff is in doubt as to his rights and obligations, and there exists a bona fide dispute which is ripe for judicial resolution and declaration of the parties' respective rights, duties and obligations with respect thereto.

WHEREFORE, pursuant to Fla. Stat. § 86.021, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendants LINEBARGER GOGGAN BLAIR & SAMPSON, LLP and HARVEY RUVIN, for:

89.     An order certifying this case to proceed as a class action;

90.     A declaratory judgment holding that Defendants' act or practice violates Fla. Stat. § 28.246(6) and the contract between the Miami-Dade County Clerk of Courts and Defendant Linebarger, and enjoining Defendants from perpetuating the unlawful act or practice;

## COUNT VIII
**Unlawful Exaction**

91.     Plaintiff incorporates paragraphs 1 through 54 above as if fully restated herein.

92.     This is an action to recover penalties for unlawful exactions pursuant to Fla. Stat. §57.051.

93.     Pursuant to Fla. Stat. §57.051(1), "No fee shall be charged for any official service performed or claimed to be performed by any officer unless the fee is specifically authorized and its amount is specified by law.

94.     Pursuant to Fla. Stat. §57.051(2), "When any officer willfully charges or levies more than he or she is entitled to, the officer shall forfeit and pay to the party injured 4 times the amount unjustly claimed . . . "

95.     Defendant Ruvin is an "officer" within the meaning of Fla. Stat. §57.051. Defendant Ruvin has willfully charged or levied, and therefore unlawfully exacted from Plaintiff and Plaintiff class members, more than they are entitled to by charging and collecting *collection fee* where there has been no collection activity.

96.     Plaintiff and Plaintiff class members are entitled to recover from Defendant Ruvin the penalties set forth in Fla. Stat. §57.051(2).

WHEREFORE, Plaintiff prays that the Court:

(a) Enter an order certifying this case to proceed as a class action;

21

(b) Enter appropriate judgment declaring and determining that Defendant Ruvin has demanded, charged and collected, or presently demands, charges and collects, unlawful and unauthorized *collection fee* on Plaintiff and members of the Plaintiff class;

(c) Enter appropriate judgment declaring and determining that Plaintiff and Plaintiff class members should not have paid or been required to pay *collection fee* to Defendant Ruvin;

(d) Enter appropriate judgment declaring and determining that Defendant Ruvin has made unlawful exactions within the meaning of Fla. Stat. §57.051 and that Plaintiff and Plaintiff's Class Members are entitled to recover the penalties set forth in Fla. Stat. §57.051(2);

(e) Adjudicate and order the payment of professional fees to the undersigned attorneys in a reasonable amount as may be established by the Court for the representation of Plaintiff class and the generation of the common fund for benefit of the Plaintiff's Class Members upon the causes of action alleged and prosecuted;

(f) Enter an appropriate order taxing costs, including class notice costs, against Defendant Ruvin;

(g) Enter an appropriate judgment declaring and determining that Plaintiff and the Class Members are entitled to recover prejudgment interest on any refunds and/or penalties adjudged to be due, based on the inequitable conduct of the Defendant Ruvin and on the authority of *University Presbyterian Homes, Inc. v. Smith*, 408 So.2d 1039 (Fla. 1982); *Lewis v.*

22

*Anderson*, 382 So.2d 1343 (Fla. 1980); *State ex rel. Four-Fifty Two-Thirty Corp.*, 322 So.2d 525 (Fla. 1975); and *Mailman v. Green*, 111 So.2d 267 (Fla. 1959);

(h) Award post judgment interest pursuant to Fla. Stat. §55.03 and *Palm Beach County v. Town of Palm Beach*, 570 So.2d 719 (Fla. 1991); and

(i) Grant such other relief, general and specific, at law or in equity, as may be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 10th day of January, 2017.

> BRET L. LUSSKIN, Esq.
> 20803 Biscayne Blvd., Ste 302
> Aventura, Florida 33180
> Telephone: (954) 454-5841
> Facsimile: (954) 454-5844
> blusskin@lusskinlaw.com
>
> By:   /s/ Bret L. Lusskin, Esq.
>        Bret L. Lusskin, Esq.
>        Florida Bar No. 28069
>
> JANET R. VARNELL
> BRIAN W. WARWICK
> VARNELL & WARWICK PA
> P.O. BOX 1870
> Lady Lake, FL 32158
> Telephone: (352)753-8600
> jvarnell@varnellandwarwick.com
>
> SCOTT D. OWENS
> 3800 S. Ocean Dr., Suite 235
> Hollywood, Florida 33019
> Phone: 954-589-0588
> Toll free: 844-SDO-LEGAL
> Fax: 954-337-0666
> Scott@ScottDOwens.com